1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B., | ) ) ) | Case No.: 11-CV-03279-LHK |
| Plaintiff, | ) ) ) | ORDER DENYING FRENKEL'S MOTION TO DISMISS; AND GRANTING FURMAN'S MOTION TO DISMISS |
| v. | ) ) ) | |
| BORIS FRANKEL, an individual and dba APPRAISAL CHOICE; and ALEXANDER FURMAN, an individual and dba REAL WORLD, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Federal Deposit Insurance Corporation ("FDIC"), as Receiver for IndyMac Bank,

F.S.B. ("IndyMac") pursuant to 12 U.S.C. § 1821(d)(2)(B), brings this action for (1) breach of

contract intended to benefit a third party beneficiary, and (2) negligent misrepresentation against

Boris Frenkel,[1] individually and d/b/a Appraisal Choice ("Frenkel" or "Appraisal Choice"), and

against Alexander Furman, individually and d/b/a Real World ("Furman") (collectively

"Defendants"), in connection with a residential property appraisal.[2]  Before the Court are Frenkel's

and Furman's separate Motions to Dismiss Plaintiff's claim for breach of contract pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be

---

[1] Boris Frenkel is erroneously identified in the Complaint as Boris Frankel.
[2] Pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(A), the Court has subject matter jurisdiction over all suits to which the FDIC is a party.

1

granted.  *See* ECF Nos. 8, 13.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter

appropriate for resolution without oral argument and hereby VACATES the hearing scheduled for

December 1, 2011.  Having considered the submissions of the parties and the relevant law, and for

good cause shown, the Court hereby DENIES Defendant Frenkel's motion to dismiss, and

GRANTS Defendant Furman's motion to dismiss with prejudice.

## I.    BACKGROUND

Unless otherwise indicated, the following facts are taken from Plaintiff's Complaint and are

presumed to be true for purposes of ruling on Defendants' motions to dismiss.  *See Zimmerman v.

City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001).  Documents to which a complaint refers, even

when not attached, are considered to be part of the pleadings and may be considered in ruling on a

Rule 12(b)(6) motion to dismiss.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled

on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).  The

Court may consider the full text of a document that the Complaint quotes only in part.  *In re Stac

Electronics Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 2002).

Appraisal Choice is a real estate appraisal company doing business in Santa Clara County.

Compl. ¶ 4.  Alexander Furman is a California Certified Residential Appraiser who operates under

the fictitious business name Real World but who at all relevant times was acting in his capacity as

an employee and/or agent of Appraisal Choice.  *Id.* ¶¶ 3-4.  On or about August 30, 2006, Furman

and Appraisal Choice contracted with Hilltop Financial Mortgage, Inc. ("Hilltop") to prepare a

written Uniform Residential Appraisal Report (the "Appraisal") for the real property located at 231

Sirrah Way, Greenfield, California 93927 (the "Property"), with the knowledge and intent that the

Appraisal be used in the secondary market to assist lenders in evaluating the Property for mortgage

finance transactions.  *Id.* ¶¶ 7-8.  Defendants prepared the Appraisal on August 30, 2006, valuing

the Property at $700,000, as of August 31, 2006.  *Id.* ¶ 10; *see* Furman Decl. Ex. 1 at 2.  Attached

to the Appraisal is an appraiser's certification, which represents, *inter alia*, that Defendants (1)

performed the Appraisal in accordance with the Uniform Standards of Professional Appraisal

Practice ("USPAP") standards; (2) researched and analyzed prior sales for comparable sales; (3)

selected and used comparable sales most similar to the Property; (4) reported adjustments for comparable sales; (5) noted any adverse conditions observed during the inspection of the Property or of which Defendants became aware during the normal research involved in performing the Appraisal; (6) considered the factors that impact value in developing the market value estimate; and (7) noted any apparent or known adverse conditions in the Property and commented about the effect of the adverse conditions on the marketability of the Property.  The certification further notes that a lender (or its successors or assigns) may rely on the Appraisal as part of any mortgage finance transaction and that any intentional or negligent misrepresentation contained in the report may result in civil liability.  Compl. ¶ 12; Furman Decl. Ex. 1 at 15-16.  The certification is signed by Alexander Furman as the appraiser, with Appraisal Choice listed immediately below as the company name.  Furman Decl. Ex. 1 at 16.

Hilltop subsequently submitted the Appraisal to Express Capital Lending ("Express Capital") for purposes of facilitating a mortgage refinance transaction.  Compl. ¶ 10.  On August 31, 2006, in reliance on the Appraisal prepared by Furman, Express Capital funded a mortgage loan in the principal amount of $560,000, secured by the Property.  *Id.* ¶ 11.  At some unspecified later date, IndyMac purchased the mortgage loan on the secondary market in reliance on the Appraisal.  *Id.*  After the Office of Thrift Supervision appointed the FDIC to act as Receiver for IndyMac pursuant to 12 U.S.C. § 1821(d)(2)(B) and to recover IndyMac's incurred losses, *id.* ¶ 1, the FDIC discovered that the Appraisal contained material misrepresentations, which resulted in significant overvaluation of the property, *id.* ¶ 13-14.  Due to the inaccurate Appraisal, the market value of the property securing the loan IndyMac purchased was far less than the amount of the loan itself.  *Id.* ¶ 14.  Specifically, Plaintiff alleges that the appraisal was deficient because it: (1) used comparable properties that were superior (not similar) to the Property; (2) misrepresented the property type, size, bedroom count, and/or bathroom count for the comparable properties; (3) ignored more proximate sales for more distant comparables; (4) misrepresented the distance between the Property and the comparables; (5) misrepresented the value of the Property; and (6)

Case No.: 11-cv-03279-LHK
ORDER DENYING FRENKEL'S MOTION TO DISMISS; AND GRANTING FURMAN'S MOTION TO DISMISS

did not comply with USPAP standards. *Id.* ¶ 13.  As a result of Defendants' inaccurate Appraisal, Plaintiff sustained at least $453,166.21 in damages.  *Id.* ¶¶ 13, 20.

## II.  LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege a claim upon which relief can be granted.  Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of facts that would support a valid theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

When ruling on a Rule 12(b)(6) motion, the Court must accept as true all allegations of material fact in the Complaint and construe them in the light most favorable to the non-moving party.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'"  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555; *accord Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted).  Furthermore, "'a plaintiff may plead [him]self out of court' . . . [i]f the pleadings establish facts compelling a decision one way."  *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

## III. DISCUSSION

Both Frenkel and Furman move to dismiss Plaintiff's claim for breach of contract on the grounds that (1) Plaintiff fails to identify a valid contract whose terms were breached, and (2) to the

Case No.: 11-cv-03279-LHK
ORDER DENYING FRENKEL'S MOTION TO DISMISS; AND GRANTING FURMAN'S MOTION TO DISMISS

extent a valid contract exists, IndyMac is not an intended third party beneficiary of such contract. Frenkel Mot. at 4-5; Furman Mot. at 9-10.  Furman further moves to dismiss on the ground that the Complaint identifies him as an "employee and/or agent of Appraisal Choice" and that, as an agent of a disclosed principal, he cannot be held personally liable for any alleged breach of contract entered into on behalf of Appraisal Choice.  Furman Mot. at 8-9.

### A.  Existence of a Valid Contract Whose Terms Were Breached

First, both Defendants argue that Plaintiff fails to identify a valid contract whose terms were breached and therefore cannot state a claim for breach of contract intended to benefit a third party beneficiary.  The Complaint, however, alleges that "[o]n or about August 30, 2006, Defendants entered into an agreement to provide an appraisal for the Property," Compl. ¶ 16, and that "Defendants breached the contract for the appraisal of the Property by negligently preparing the Appraisal which misrepresented the value of the Property, and which used improperly and negligently selected comparable sales," *id.* ¶ 18.  Because the Complaint clearly identifies the agreement to prepare a written Uniform Residential Appraisal Report as the contract at issue, this ground for dismissal fails.

Defendants further argue that Plaintiff fails to allege a claim for breach of the agreement to prepare the Appraisal because Defendants fully performed their obligations thereunder by preparing the Appraisal.  Defendants' argument, however, ignores the nature of Plaintiff's allegations, which assert that Defendants failed to comply with the *terms* of the agreement requiring Defendants not simply to prepare the Appraisal, but to do so in accordance with USPAP standards and other relevant appraisal parameters.  *See* Compl. ¶¶ 7-9, 12-3, 18.  Although both Defendants expend considerable energy arguing that the Appraisal itself does not constitute a contract and that Plaintiff's reference to terms contained therein are irrelevant, their efforts are misdirected, because Plaintiff does not assert that the Appraisal itself is the contract, but instead points to language in the attached appraiser's certificate solely as evidence of the parties' contractual intent.  *See* Opp. to Furman at 7.  The Court finds that the Complaint contains sufficient factual allegations to state a plausible claim that Defendants breached the terms of an agreement to

United States District Court
For the Northern District of California

1    prepare an Appraisal of the Property in accordance with USPAP and certain other appraisal

2    standards.

3                      **B.  Whether FDIC is an Intended Third party Beneficiary**

4           Defendants next argue that, even if Plaintiff has identified a valid contract between

5    Defendants and Hilltop, IndyMac is not an intended third party beneficiary of said contract.

6    Defendants are correct that, under California law, a contract may be enforced by a third party

7    beneficiary only if the contract was made expressly for the third party's benefit.  *See* Cal. Civ.

8    Code § 1559 ("A contract, made expressly for the benefit of a third person, may be enforced by

9    him at any time before the parties thereto rescind it."); *see also Spinks v. Equity Residential*

10   *Briarwood Apartments*, 171 Cal. App. 4th 1004, 1021-22 (2009).  Under "traditional third party

11   beneficiary principles," however, "'the third person need not be named or identified individually to

12   be an express beneficiary.'"  *Soderberg v. McKinney*, 44 Cal. App. 4th 1773, 1774 (1996) (quoting

13   *Kaiser Eng'rs, Inc. v. Grinnell Fire Protection Sys. Co.*, 173 Cal. App. 3d 1050, 1055 (1985)); *see*

14   *also Outdoor Servs., Inc. v. Pabagold, Inc.*, 185 Cal. App. 3d 676, 681 (1986).  "All that the law

15   requires is that the contract be made expressly for the benefit of third parties, and 'expressly'

16   simply means in an express manner; in direct or unmistakable terms; explicitly; definitely;

17   directly.  Thus, it is sufficient if the plaintiff belongs to a class for whose express benefit the

18   contract was made."  *Soderberg*, 44 Cal. App. 4th at 1774 (internal quotation marks and citations

19   omitted).

20          Plaintiff asserts that IndyMac is a member of the class of secondary market lenders for

21   whose express benefit Defendants and Hilltop contracted to prepare the Appraisal.  As support for

22   its claim, Plaintiff points to language in the appraiser's certificate providing that:

23          The borrower, another lender at the request of the borrower, the mortgagee or its
24          successors and assigns, mortgage insurers, government sponsored enterprises, and
             *other secondary market participants* may rely on this appraisal report as part of any
25          mortgage finance transaction that involves one or more of these parties.

26

27

28

Case No.: 11-cv-03279-LHK
ORDER DENYING FRENKEL'S MOTION TO DISMISS; AND GRANTING FURMAN'S MOTION TO DISMISS

Furman Decl. Ex. 1 at 16 (emphasis added); *see* Opp. to Frenkel at 7.  Defendants, in turn, point to

different language in the Appraisal report itself suggesting that no third party beneficiaries were

contemplated:

> The intended User of this appraisal report is the Lender/Client.  The Intended Use is
> to evaluate the property that is the subject of this appraisal for a mortgage finance
> transaction, subject to the stated Scope of Work, purpose of the appraisal, reporting
> requirements of this appraisal report form and Definition of Market Value.  No
> additional Intended Users are identified by the appraiser.

*Id.* at 3.  Likewise, page 5 of the Appraisal states: "[t]his appraisal report is prepared . . . for the

sole purpose of securing a loan on behalf of the borrower" and "is not intended to be used for any

other purpose or to be used by a third party."  *Id.* at 5.

Whether a third party is an intended, rather than merely incidental, beneficiary is

determined by the parties' intent, which the Court must glean from "reading the contract as a whole

in light of the circumstances under which it was entered."  *Jones v. Aetna Cas. & Sur. Co.*, 26 Cal.

App. 4th 1717, 1725 (1994); *accord Prouty v. Gores Tech. Gr.*, 121 Cal. App. 4th 1225, 1233

(2004).  "While intent is pivotal, there is no requirement that 'both of the contracting parties must

intend to benefit the third party. . . . Rather, it is sufficient that the promisor must have understood

that the promise had such intent."  *Spinks*, 171 Cal. App. 4th at 1023 (internal quotation marks and

citations omitted).  In the face of seemingly inconsistent evidence of the contracting parties' intent,

the Court finds this matter not suitable for resolution on a motion to dismiss.  *See Prouty*, 121 Cal.

App. 4th at 1233 ("Generally, it is a question of fact whether a particular third person is an

intended beneficiary of a contract.").  The facts pleaded here, taken as true, and drawing all

inferences in the light most favorable to the non-moving party, show that Plaintiff is a "member of

a class for whose benefit the contract [between Hilltop and Defendants] was created."  *Soderberg*,

44 Cal. App. 4th at 1773 (holding that it was error to deny investor plaintiff leave to amend to state

a claim for breach of contract under a third party beneficiary theory where plaintiff asserted that the

contract to prepare appraisal reports was intended to benefit potential investors); *cf. Stotlar v.*

*Hester*, 92 N.M. 26, 29-31 (1978) (reversing summary judgment where lenders presented evidence

that they were third party beneficiaries of agreement between appraiser and property owner).

7

**United States District Court**
For the Northern District of California

1   Plaintiff has therefore pleaded a plausible third party beneficiary claim under California law, and

2   Defendants' respective motions to dismiss for failure to do so are accordingly DENIED.

3           **C.  Furman's Liability as an Agent**

4           In addition to arguing that Plaintiff fails to allege the breach of any contractual obligation,

5   Furman also moves to dismiss on the separate ground that he was not a party to the alleged contract

6   and therefore cannot be held liable for its alleged breach.  *See* Furman Mot. at 8-9.  Furman argues

7   that, to the extent he contracted with Hilltop, he did so solely as an agent for Appraisal Choice, and

8   therefore cannot be personally liable thereunder.

9           The Complaint alleges that at all relevant times, "Furman was acting in his capacity as an

10   employee and/or agent of Appraisal Choice."  Compl. ¶ 4.  In general, under California law, an

11   agent acting on behalf of a disclosed principal cannot be held personally liable on the contract.[3]

12   *See Lippert v. Bailey*, 241 Cal. App. 2d 376, 382-83 (1966).  A principal is considered "disclosed"

13   "when the third party has notice that an agent is acting for a principal and has notice of the

14   principal's identity."  Restatement of Agency 3d § 6.01 cmt(a) (2006).  Thus, an "agent will not be

15   liable in an action based on contract brought by a third person where both the fact of agency and

16   the name of the principal are disclosed."  *Bayuk v. Edson*, 236 Cal. App. 2d 309, 319 (1965) (citing

17   *Automatic Poultry Feeder Co. v. Wedel*, 213 Cal. App. 2d 509, 518 (1963); *Hayman v. Shoemake*,

18   203 Cal. App. 2d 140, 159 (1962)); *accord Coughlin v. Blair*, 41 Cal. 2d 587, 594 (1953).

19           Here, Plaintiff's allegation that Furman was, "at all times relevant to this Complaint, . . .

20   acting in his capacity as an employee and/or agent of Appraisal Choice," Compl. ¶ 4, effectively

21   precludes a breach of contract claim against Furman personally.  The Complaint alleges that

22   Furman was acting in his capacity as an employee or agent of Appraisal Choice when he contracted

23   to make the Appraisal of the Property, so both the "fact of agency" and "the name of the principal"

---

24   [3] This rule does not extend to personal liability of agents for their "tortious acts aris[ing] during the
25   performance of a duty created by contract."  *Bayuk v. Edson*, 236 Cal. App. 2d 309, 320 (1965)
(internal quotation marks and citations omitted); *see* Cal. Civ. Code § 2343 ("One who assumes to
26   act as an agent is responsible to third persons as a principal for his acts in the course of his agency .
. . [w]hen his acts are wrongful in their nature.").  Thus, the analysis here in no way affects
27   Furman's potential personal liability for negligent misrepresentation under Plaintiff's second cause
of action.

28
                                                                                          8

1   were disclosed, and therefore Furman cannot be held personally liable for contractual breach. *See*

2   *Bayuk*, 236 Cal. App. 2d at 319.  Furman's motion to dismiss the breach of contract claim against

3   him is accordingly GRANTED. *See Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1098 (9th

4   Cir. 2004) (upholding dismissal of claims precluded by Plaintiff's factual allegations); *Sprewell v.*

5   *Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001) ("[A] plaintiff can . . . plead himself

6   out of a claim by including unnecessary details contrary to his claims.").

7          Furthermore, because Plaintiff unequivocally alleges that Furman was acting solely as

8   Appraisal Choice's employee or agent in entering and executing the alleged contract with Hilltop

9   to make an Appraisal, the Court finds that amendment of the Complaint would be futile.

10   "Although leave to amend should be liberally granted, the amended complaint may only allege

11   'other facts consistent with the challenged pleading.'" *Reddy v. Litton Indus., Inc.*, 912 F.2d 291,

12   296-97 (9th Cir. 1990) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393,

13   1401 (9th Cir. 1986)); *cf. Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1232

14   (9th Cir. 2000) (noting that parties may "not contradict their earlier allegations in an effort to

15   survive summary judgment").  Plaintiff cannot plead a valid breach of contract claim against

16   Furman without contradicting the allegations of its original Complaint.  Accordingly, Plaintiff's

17   breach of contract claim against Furman is dismissed without leave to amend. *See Cervantes v.*

18   *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to

19   amend is permitted where amendment "would fail to cure the pleading deficiencies" and "would be

20   futile").

21      **IV.  CONCLUSION**

22          For the foregoing reasons, Defendant Frenkel's Motion to Dismiss the breach of contract

23   claim is DENIED, and Defendant Furman's Motion to Dismiss the breach of contract claim is

24   GRANTED without leave to amend.

25   **IT IS SO ORDERED.**

26   Dated: November 29, 2011

*Lucy H. Koh*

LUCY H. KOH

United States District Judge

Case No.: 11-cv-03279-LHK
ORDER DENYING FRENKEL'S MOTION TO DISMISS; AND GRANTING FURMAN'S MOTION TO DISMISS